**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE LITTLE,<br><br>Plaintiff,<br><br>v.<br><br>CUMBERLAND COUNTY DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Civil Action No. 23-3626 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 4.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.     BACKGROUND**

Plaintiff is state prisoner currently detained by the Cumberland County Department of Corrections. (ECF No. 1 at 1-2.) According to her complaint, while confined, she has suffered from an unspecified pre-existing illness which has gone untreated. (*Id.*) She also alleges that she

has some kind of "untreated wound." (*Id.* at 1.) Plaintiff characterizes her lack of treatment as "medical negligence," but does not specify who exactly has ignored her medical conditions, nor how any named Defendant is liable for that negligence. (*Id.* at 1-2.) Plaintiff also alleges that three specific officers – Defendants T. Evans Johnson, Officer Johnson, and T. Walker Brown – are "very disrespectful" to inmates by "sit[ting] on the phone all day." (*Id.* at 3.) Plaintiff does not allege that these officers did anything to her specifically, nor does she allege how she believes this alleged lack of respect violates her civil rights. (*Id.*)

## II.     LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In this matter, Plaintiff primarily seeks to raise a claim against unspecified persons employed by the Cumberland County Department of Corrections for an alleged lack of medical care. To successfully plead a violation of her Fourteenth Amendment rights arising out of deficient medical care, Plaintiff must do more than plead mere medical negligence, however – she must plead that she had a serious medical need and that the defendants were deliberately indifferent to that need. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Deliberate indifference is a "subjective standard of liability consistent with recklessness" which will be fond only where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 582 (internal quotations omitted). Deliberate indifference therefore "requires

3

more than inadequate medical attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Plaintiff in her complaint does not detail what her preexisting condition or untreated wound are, and it is thus not clear that she has pled a sufficiently serious medical need. Even if this Court were to assume her wound was sufficiently serious, however, Plaintiff has not pled how any specific defendant was deliberately indifferent to that need. She pleads no facts alleging who she told about her condition, or how she sought treatment, or who refused to provide any such treatment. Thus, Plaintiff has failed to plead deliberate indifference sufficient to state a claim against any of the named Defendants. Indeed, Plaintiff herself characterizes her situation as one of medical negligence, which is insufficient to state a plausible claim for relief under federal civil rights law. Therefore, Plaintiff's medical claims[1] are dismissed without prejudice.

In her final claim, Plaintiff alleges that three guards – Johnson, Johnson, and Brown – have been "disrespectful" and that she believes this violates her rights. However, mere disrespect, does not amount to a federal civil rights violation. Indeed, even the use of reprehensible language including insult and racial slurs are generally insufficient on their own to amount to a constitutional violation. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011). Plaintiff's complaint, which pleads no more than "disrespect," thus fails to state a plausible claim

---

[1] This court does not construe Plaintiff as raising a state law claim for medical malpractice. If Plaintiff did intend to raise such a claim, however, she has not pled sufficient facts to show that any specific Defendant was actually medically negligent as she has not pled any facts regarding how her condition was brought to the attention of jail staff, nor how they failed or refused to treat her. Should Plaintiff choose to file an amended complaint, she should clarify whether she is attempting to plead a state law medical negligence/malpractice claim, and against whom she is raising that claim.

4

for relief based on alleged mistreatment by these three officers. Plaintiff's claims against them are therefore dismissed without prejudice. Because all of Plaintiff's claims fail to state a plausible claim for relief, Plaintiff's complaint will be dismissed without prejudice in its entirety for failure to state a claim for which relief may be granted.

### IV.     CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,<br>
United States District Judge