UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE LITTLE, | Civil Action No. 23-3626 (KMW) (SAK) |
| Plaintiff, | |
| v. | MEMORANDUM ORDER |
| CUMBERLAND COUNTY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

This matter comes before the Court on the amended complaint filed in this matter by Plaintiff Stephanie Little. (ECF No. 10.) In her amended complaint, Plaintiff, a state prisoner, alleges that she was assaulted by Defendant Evans, resulting in a head injury; and that Defendants Brown and Johnson have used disrespectful and threatening language towards her and other prisoners. (*Id.* at 5-7.) Finally, Plaintiff alleges that the jail's medical department has failed to properly treat a leg infection as they have only given her medication and not sent her to see an outside specialist. (*Id.* at 5.)

Because Plaintiff was previously granted *in forma pauperis* status in this matter (*see* ECF No. 6), this Court is required to screen her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Having reviewed Plaintiff's amended complaint, this Court perceives no basis to dismiss Plaintiff's excessive force claim against Defendant Evans at this time. That claim shall therefore be permitted to proceed as to Defendant Evans.

Turning to the Defendants Johnson and Brown, Plaintiff alleges that they have been disrespectful and used threatening or abusive language towards her. Mere abusive language, however, is inadequate to amount to a constitutional violation. As this Court previously explained to Plaintiff, even the use of abusive insults, racial slurs, and similar language is insufficient to state a claim for relief for a constitutional violation. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011). Plaintiff's claims against Johnson and Brown therefore fail to state an adequate claim for relief and must again be dismissed without prejudice.

In her final claim, Plaintiff alleges that her leg infection has been inadequately treated. Initially, the Court notes that the only named Defendant is the jail through its medical department. A jail, however, is not a proper civil rights defendant. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). The appropriate defendant would instead be individual members of jail staff or either the municipality or corporate contractor who operates the medical department. The medical department is therefore not subject to suit under § 1983 and must be dismissed as such.

Even had Plaintiff named a proper defendant, however, her medical claim would still fail to plead an adequate basis for relief. In order to make out a medical claim under the Fourteenth Amendment, a plaintiff must plead facts which would show that the named defendants were deliberately indifferent to her medical needs. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). This requires that the Plaintiff plead both a sufficiently serious medical need, and that the defendants engaged in actions or omissions which indicate they were deliberately indifferent to that serious need. *Id.* A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v.*

3

*Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). A defendant's actions or omissions will in turn amount to deliberate indifference where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979)). Where a prisoner has received treatment, he may generally therefore not show deliberate indifference by asserting only his disagreement or dissatisfaction with the treatment he received. *See Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

In her amended complaint, Plaintiff identifies a sufficiently serious need – a leg infection – but directly pleads that it has been treated with medication, presumably antibiotics. Although it has not yet fully resolved, Plaintiff has pled no facts supporting her belief that an outside specialist is needed to treat her infection, nor that the jail's choice to use medication amounts to deliberate indifference rather than an alternative course of treatment with which Plaintiff disagrees. Plaintiff's mere disagreement with that course of treatment does not amount to deliberate indifference on the part of jail staff. *White*, 897 F.2d at 110. Thus, Plaintiff has failed to plead a plausible deliberate indifference claim, and her claim would therefore still be subject to dismissal had she named a proper defendant.

**IT IS THEREFORE**, on this 9th day of November, 2023,

**ORDERED** that the Clerk of the Court shall re-open this matter; and it is further

**ORDERED** that Plaintiff's excessive force claim shall **PROCEED** at this time against Defendant Evans only; and it is further

**ORDERED** that all of Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for Defendant Evans; and it is further

**ORDERED** that Plaintiff shall complete the form and return it to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101; and it is further

**ORDERED** that, upon Plaintiff's sending of the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendant Evans pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant Evans shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997(e)(g)(2); and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

Hon. Karen M. Williams,
United States District Judge